**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JAN 1 2 2010 ★

**BROOKLYN OFFICE**

Bertha Murphy,

             Plaintiff,

   v.

Alliance One, Inc.; and
DOES 1-10, inclusive,

             Defendants.

Civil Action No.: _____

**CV 10 - 0143**

**COMPLAINT**

**BIANCO, J.**

**WALL, M.J.**

For this Complaint, the Plaintiff, Bertha Murphy, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Bertha Murphy ("Plaintiff"), is an adult individual residing in Medford, New York 11763, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Alliance One, Inc. ("Alliance"), is a Pennsylvania business entity

with an address of 4850 Street Road, Suite 300, Trevose, Pennsylvania 19053, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Alliance and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.     Alliance at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.     A financial obligation was incurred (the "Debt").

9.     The Debt arose from services provided by a creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under 15

U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Alliance for collection, or

Alliance was employed by a creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Alliance Engages in Harassment and Abusive Tactics

12.     The Defendants contacted the Plaintiff on numerous occasions, up to three times a

day, five days a week, attempting to collect the Debt.  The Defendants often hung up when the

Plaintiff answered the phone.

13.     The Plaintiff informed the Defendants that the Debt was not hers and asked them

not to contact her anymore; however, the Defendants continued to telephone her.

2

### C. **Plaintiff Suffered Actual Damages**

14.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Defendants' conduct violated 15 U.S.C. § 1692d in that the Defendants engaged in conduct in connection with the collection of a debt the natural consequence of which is to harass, oppress, or abuse any person.

19.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.     The Plaintiff is entitled to damages as a result of Defendants' violations.

3

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

24.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

25.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

26.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages, trebled, pursuant to NY GBL § 349;

    4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

    5.  Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

    6.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 8, 2010

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff